■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YARDIABLO ADAMS, Appellant.—Judgment, Supreme Court, New York County, rendered January 25, 1977, convicting the defendant after a jury trial of the crimes of criminal possession of a controlled substance in the fifth and seventh degrees, unanimously reversed, in the interest of justice, and the matter remanded for a new trial. On September 17, 1974, two police officers responded to a radio call. Upon their arrival at the intersection of 123rd Street and Lenox Avenue, they were told by one Singleton that he had been assaulted by the defendant. Defendant had allegedly hit Singleton with a gun barrel. The officers were directed to the apartment on Lenox Avenue in which the defendant could be found. They were told by people in the apartment house that the defendant was on the roof. The defendant was arrested on a charge of assault, and in the course of a search conducted on the scene he was found in possession of 29 glassine envelopes containing a substance later determined to be heroin and a manila envelope later determined to contain marihuana. The items were found in defendant's coat pocket. The defendant testified that he was the superintendent of the building in which he lived, and that when the officers found him on the roof he was sweeping the roof clean of narcotics after having chased junkies out of the building. He claimed the narcotics were not in his pocket but in a dustpan in open view. We must reverse the judgment of conviction in view of the error made during trial which rises to constitutional dimensions and may well have affected the result. During the course of cross-examination by the Assistant District Attorney, the following colloquy took place. "Q Mr. Adams, when the officer got on the roof with Mr. Singleton, did you tell him anything about the dope that you found? A I could not tell nobody that. I did not answer no questions, I told him until I have an attorney. I know this by me being there before. I know my little rights. I can protect myself. I did not tell no one. Everything he has. He will tell you about it. He is supposed to have it there too, sir. Q Well, didn't you say anything to him about you just picked this thing off the roof? A He seen it in the dustpan, so why should I tell him that, sir. He has eyes. They don't have no blind men on the police force, sir." The cross-examination of the defendant as to his silence was improperly used against him to impeach his credibility, since it acted to penalize him for exercising his right to remain silent (*Doyle v Ohio,* 426 US 610; *People v Conyers,* 65 AD2d 437; *People v Nolasco,* 70 Ad2d 549). Concur—Birns, J. P., Fein, Lane, Markewich and Silverman, JJ.